JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY,
Plaintiff,

v.

Susan J. GLOVER, Janice K. Glover, Harry W. Glover, and the Estate of Curtis A. Glover, Deceased, Defendants.

No. 97–CV–70382–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 19, 1998.

Francis R. Ortiz, Joseph P. Tocco, Dickinson, Wright, Moon & Van Deusen, Detroit, MI, for Plaintiff.

Lauren Underwood and Richard Joslin, Jr., Beier Howlett, Bloomfield Hills, MI, for Defendants.

**1.** Under the terms of the policy, upon death of the insured, the beneficiary became entitled basic death benefits in the amount of $55,000 and accidental death benefits in the amount of $87,-359.40 (collectively referred to herein as the "proceeds").

*OPINION AND ORDER GRANTING DEFENDANT SUSAN J. GLOVER'S MOTION FOR SUMMARY JUDGMENT*

ROSEN, District Judge.

## I. INTRODUCTION

This insurance proceeds interpleader action is presently before the Court on Defendant Susan J. Glover's Motion for Summary Judgment. Defendants Janice K. Glover and Harry Glover have responded and oppose the motion. Having reviewed and considered the parties' briefs and supporting documents, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), the Court will decide this Motion "on the briefs." This Opinion and Order sets forth the Court's ruling.

## II. FACTUAL BACKGROUND

Curtis A. Glover, deceased, was at the time of his death an employee of Ford Motor Company. As part of the employee benefits provided to him pursuant to Ford's ERISA-governed Employee Benefits Plan, Mr. Glover was insured under a Group Basic Life and Accidental Death and Dismemberment insurance policy issued to Ford by John Hancock Mutual Life Insurance Company (the "Life Insurance Policy"). The policy provided for, among other things, basic life insurance and "accidental" death benefits, payable upon the insured's death to the designated beneficiary.[1]

On October 23, 1989 Curtis Glover married Susan Joy Powell and on April 30, 1990, he designated Susan as his beneficiary under the Life Insurance Policy. On June 14, 1996, a divorce action to end the Glovers' marriage was filed in Wayne County Circuit Court.[2] The divorce was never perfected because three weeks later, on July 7, 1996, Curtis Glover was killed in a highway accident in Allegheny County, Pennsylvania.

**2.** It is not clear from the record whether Curtis or Susan filed for divorce.

Four days after Curtis was killed, on July 11, 1996, Curtis's father, Harry Glover, wrote to John Hancock and demanded that the insurance company disregard the designation of Susan Glover as beneficiary on Curtis's life insurance policy. Harry Glover asserted in that letter:

Curtis was married to Susan J. Glover and I believe that she is the named beneficiary of his policy. The marriage of Curtis and Susan was the subject of Case Number 96–629922–DO in the Circuit Court, Wayne County, Michigan on June 14, 1996, an action for divorce. Prior to the filing of this [divorce] action Curtis had transferred his interest in the real property he held in common with Susan J. and the acceptance of her agreement to pay him one-half of the agreed value of that real property in final termination of the financial relationship between them.

The termination of the financial relationship between Curtis and Susan J. followed by the filing of divorce ... is conclusive evidence of his changed intent with respect to the benefits of your policy, and I, the undersigned, demand that you disregard the designation of Susan J. Glover as beneficiary.

[Complaint Ex. A.]

On August 5, 1996, John Hancock was contacted by an attorney representing Susan Glover who requested that payment of the insurance proceeds be made to Susan as the beneficiary of record under the Policy. The insurance company advised Susan's attorney that because Harry Glover, Curtis's father, was making a claim to the proceeds, it could not proceed with payment. The company suggested that the adverse claimants attempt to agree among themselves as to the disposition of the proceeds, and if after a reasonable time no agreement was reached, or if either side filed an action against the insurer, an interpleader action would be brought and the issue of who is entitled to the insurance proceeds would be decided by the court.

On December 30, 1996, Harry and Janice Glover, Curtis's parents, filed a Complaint against John Hancock in the Lorain County, Ohio Court of Common Pleas [3] alleging therein that as the parents of Curtis Glover, they are his "natural beneficiaries" and that they are, therefore, entitled to payment of the life insurance proceeds.

Upon being served with the Ohio Complaint, John Hancock filed the instant interpleader action, naming as defendants Curtis Glover's parents, Harry and Janice Glover, and Curtis's wife, Susan. The parties subsequently stipulated to the intervention of the Estate of Curtis Glover as a party-defendant in this action. They also stipulated to John Hancock's deposit of the insurance proceeds with the Clerk of the Court and to the dismissal of John Hancock.[4]

Defendant Susan Glover has moved for summary judgment in her favor arguing that there are no disputed issues of fact, and by application of controlling Sixth Circuit ERISA law, as the named beneficiary on Curtis Glover's life insurance policy, she is entitled to the insurance proceeds as a matter of law.

## III. DISCUSSION

### A. STANDARDS APPLICABLE TO MOTIONS FOR SUMMARY JUDGMENT

Summary judgment is proper " 'if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " Fed.R.Civ.P. 56(c).

Three 1986 Supreme Court cases—*Matsushita Electrical Industrial Co. v. Zenith Radio Corp.* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91

---

3. Curtis's parents live in Avon Lake, Ohio. Susan Glover lives in Canton, Michigan. The Estate of Curtis Glover is being probated in Wayne County, Michigan.

4. The parties also stipulated to the dismissal of the Ohio action (which was, after its filing, re-

moved to the District Court for the Northern District of Ohio) and to an order enjoining all of the party-defendants from pursuing any other court action to recover benefits under the Life Insurance Policy.

L.Ed.2d 265 (1986)—ushered in a "new era" in the standards of review for a summary judgment motion. These cases, in the aggregate, lowered the movant's burden on a summary judgment motion.[5] According to the *Celotex* Court,

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.

*Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

After reviewing the above trilogy, the Sixth Circuit established a series of principles to be applied to motions for summary judgment. They are summarized as follows:

> \* Cases involving state of mind issues are not necessarily inappropriate for summary judgment.
>
> \* The movant must meet the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.
>
> \* The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment."
>
> \* The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.
>
> \* The trial court has more discretion than in the "old era" in evaluating the respondent's evidence. The respondent must "do more than simply show that there is some metaphysical doubt as to the material facts." Further, "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion should be granted. The trial court has at

least some discretion to determine whether the respondent's claim is plausible.

*Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir.1989). *See also, Nernberg v. Pearce*, 35 F.3d 247, 249 (6th Cir.1994).

The Court will apply the foregoing standards in deciding Defendant Susan Glover's Motion for Summary Judgment in this case.

## B. *UNDER SIXTH CIRCUIT ERISA LAW, THE DESIGNATION OF SUSAN GLOVER AS BENEFICIARY OF RECORD IS CONTROLLING*

As indicated above, the Life Insurance Policy at issue here is part of an ERISA employee benefits plan. The policy explicitly provides that "Life insurance and benefits for death under Accidental Death and Dismemberment Insurance are payable to the employee's named beneficiary." [Summary Judgment Ex. C, p. 4.] The policy further provides:

> An employee has the right to designate a beneficiary and to change such designated beneficiary at any time by written notice given to the Insurance Company. Such beneficiary shall be the person or persons last designated by the employee as indicated on the records maintained by the Insurance Company with respect to such insurance.
>
> \*   \*   \*   \*   \*   \*
>
> ... In the event the last named beneficiary dies before the employee, or if no beneficiary shall have been named, the Insurance Company may, at its option, pay such insurance amount to the employee's spouse, if living. If the spouse is not living, then the Insurance Company shall pay such insurance equally to the employee's surviving children; and if none survive, to either the employee's mother or father, or to both equally, if both survive; and if there are no such survivors, then to the employee's estate.

*Id.*

Curtis Glover designated his wife, Susan J. Glover, as his beneficiary. At no time did

---

**5.** "Taken together the three cases signal to the lower courts that summary judgment can be relied upon more so than in the past to weed out frivolous lawsuits and avoid wasteful trials."

10A Charles A. Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure*, § 2727, at 35 (1996 Supp.).

Curtis ever change his designated beneficiary. Although the Glovers apparently were separated at the time of his death and a divorce action had been filed, no divorce decree or court-approved property settlement was ever entered.

Curtis's parents, nonetheless, argue that the designation of Susan as their son's beneficiary should be ignored. They claim (without any supporting documentation) that Curtis and Susan had reached some sort of agreement as to a division of their "real property" interests "in final termination of the financial relationship between them," and coupled with the fact that this alleged agreement was followed by the initiation of a divorce action, the court should find that this to be conclusive evidence that Curtis changed his intent as to who should be the beneficiary under his life insurance policy. They contend that as Curtis's parents, the Court should declare them to be Curtis's "natural beneficiaries" and award them the insurance proceeds.

There is no cognizable legal basis for Harry and Janice Glover's arguments.

Section 404(a)(1)(D) of ERISA requires that a benefits plan administrator discharge his duties "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D). The Sixth Circuit has determined that the provisions of Section 404 mandate that plan administrators, such as John Hancock in the instant action, follow plan documents to determine the designated beneficiary. *McMillan v. Parrott*, 913 F.2d 310, 311–312 (6th Cir.1990); *Metropolitan Life Ins. Co. v. Pressley*, 82 F.3d 126, 130 (6th Cir.1996).

*McMillan* and *Pressley* both dictate that, notwithstanding the arguments asserted by Harry and Janice Glover, Susan Glover is the only person entitled to receive the insurance proceeds at issue in this case.

*McMillan* involved a dispute between the former wife and the widow of a doctor over the proceeds· of the deceased doctor's two vested ERISA plans. At the time of the inception of the ERISA plans at issue in 1982, Dr. Norman Parrott was married to Barbara Parrott. Later that same year, Norman and Barbara divorced and signed a joint settlement in which they divided their marital property. The settlement agreement contained a broad waiver clause in which each spouse relinquished "any and all claims" he or she might have against the other. 913 F.2d at 311. The settlement further recited that Dr. Parrott was to receive all property not otherwise disposed of in the agreement. *Id.* Despite this language, after the divorce Dr. Parrott never removed Barbara as beneficiary under the plans and never named another beneficiary.

Four years later, Dr. Parrott married Claudia Parrott. Dr. Parrott died shortly after marrying Claudia. A dispute arose between Claudia and Barbara (and Dr. Parrott's estate) as to who was entitled to the proceeds of the plans. The plan administrator filed a declaratory judgment action to resolve this dispute. The district court denied first wife Barbara's motion for summary judgment and dismissed her .claim to the proceeds finding that she had waived her rights as beneficiary by the divorce settlement. The Sixth Circuit reversed.

Relying on the statutory language of ERISA, the *McMillan* court determined that the "clear statutory command [that a plan administrator discharge his duties in accordance with the documents and instruments governing the plan], together with the plan provisions, answer the question; the documents control, and those name Barbara Parrott." 913 F.2d at 312.

The court went on to note that even if it were to decide the issue by reference to federal common law and its application to Barbara's "waiver of claims" in the divorce settlement, the result would be the same, because under federal common law, to. be effective with respect to ERISA benefits, such a waiver must specifically refer to the spouse's rights as beneficiary in an ERISA plan. *Id.*

Similarly, in *Metropolitan Life v. Pressley*, the Sixth Circuit affirmed a grant of summary judgment to an ex-wife in an interpleader action where the deceased ex-husband's estate challenged the beneficiary designation under a General Motors group life insurance policy. In *Pressley*, as in the instant action, the insured decedent, Alvin Pressley, had designated his wife, Barbara,

as his beneficiary under a General Motors group life insurance policy. Alvin and Barbara subsequently divorced, but Alvin never changed his beneficiary designation on the policy. After he died, Alvin's mother, as personal representative for his estate, claimed entitlement to the proceeds of the policy. The court disagreed. Applying *McMillan*, it found that because Alvin designated Barbara as beneficiary while they were married and never altered that designation at any time thereafter, Barbara alone was entitled to the insurance proceeds.

In the instant action, there is not even a divorce or a property settlement, let alone a specific waiver by Susan Glover of the policy proceeds. In accordance with the controlling decisions of the Sixth Circuit in *McMillan* and *Pressley*, Susan Glover is the rightful beneficiary of the insurance proceeds. The Ford Motor Company plan specifically mandates that policy proceeds are "payable to the employee's named beneficiary."

For all of the foregoing reasons, the Court finds that the insurance proceeds in this case must be paid to Susan Glover, as a matter of law.

## CONCLUSION

For all of the reasons stated above in this Opinion and Order,

IT IS HEREBY ORDERED that Defendant Susan J. Glover's Motion for Summary Judgment be, and hereby is, GRANTED. Accordingly,

IT IS FURTHER ORDERED that the claims of Harry and Janice Glover and of the Estate of Curtis Glover, deceased are hereby DISMISSED.

IT IS FURTHER ORDERED that all of the Insurance Proceeds at issue in this action shall be paid to Susan J. Glover, as designated beneficiary of Curtis A. Glover, deceased, under the subject Life Insurance Policy.